UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ORLANDO NEGRON, | : |
| Plaintiff, | : |
| vs. | : No. 3:13cv1515(WIG) |
| CAROLYN W. COLVIN,<br>Acting Commissioner,<br>Social Security Administration, | :<br><br>: |
| Defendant. | : |

-----------------------------------------------------------------X

ORDER GRANTING DEFENDANT'S CONSENT MOTION FOR ENTRY OF JUDGMENT
WITH REVERSAL AND REMAND [DOC. # 24]

Defendant, Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, has moved this Court to enter judgment with a reversal and remand of this cause to the Commissioner. Counsel for Defendant represents that he has contacted Plaintiff's counsel, James Gannon, Esq., who consents to the relief sought in this motion.

Under sentence four of 42 U.S.C. § 405(g), the Court has the power to enter a judgment with a reversal and remand of the cause to the Commissioner for further proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 297 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Remand for further development of the record is appropriate when gaps exist in the administrative record or when the administrative law judge ("ALJ") committed legal error. *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).

Here, the Commissioner has determined, and Plaintiff's counsel concurs, that remand of this case is necessary for further development of the record and additional administrative proceedings.  Upon remand, the Social Security Administration's Appeals Council will remand

this case to an administrative law judge ("ALJ"), who will give Plaintiff the opportunity for a new administrative hearing.  The ALJ will update the record and further consider Plaintiff's medically determinable mental impairments at steps two and three of the sequential evaluation process; evaluate the opinion evidence of record, particularly the opinion of Carmen Calder, APRN, cosigned by Dr. Jose Camacho; further assess Plaintiff's maximum residual functional capacity; and obtain vocational expert testimony.  The ALJ will specifically address Plaintiff's representative's request for a psychological evaluation with IQ testing and will evaluate Plaintiff's allegation of an intellectual disability.

Accordingly, the Court hereby GRANTS the Defendant's Consent Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant [Doc. # 24].  Additionally, Plaintiff's Motion for Summary Judgment [Doc. # 21] is GRANTED to the extent set forth in this Ruling.

This is not a Recommended Ruling.  The parties have consented to the Magistrate Judge's entering a final order in this case without the need for entry of a recommended ruling and review by a District Judge.  *See* Fed. R. Civ. P. 73(b).  The Clerk is directed to enter a separate judgment in favor of Plaintiff in this matter under Rule 58(a), Fed. R. Civ. P., to remand this cause to the Commissioner for further administrative proceedings in accordance with this Order, and to close this case.

It is SO ORDERED, this ___28th___ day of July, 2014, at Bridgeport, Connecticut.

        /s/ *William I. Garfinkel*
        WILLIAM I. GARFINKEL
        United States Magistrate Judge